**Andrian SUTHENO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–70405.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 19, 2014.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner.

Suzanne Nardone, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Andrian Sutheno, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Sutheno's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Sutheno failed to establish materially changed circumstances in Indonesia so as to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3); *see also Najmabadi,* 597 F.3d at 987 (evidence must be "qualitatively different from the evidence presented at the previous hearing" to warrant reopening).

We lack jurisdiction to consider any contention by Sutheno challenging the BIA's rejection of his request for sua sponte reopening. *See Minasyan v. Mukasey,* 553 F.3d 1224, 1229 (9th Cir.2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.